RANDY L. ROYAL
CHAPTER 7 TRUSTEE
P.O. BOX 551
GREYBULL, WY 82426
PHONE 307-765-4433
FAX 307-765-9563

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In Re:                                      )
    PROSPECT AGENCY GROUP, INC.   )
                                            )     Case No.  18-20180
                                            )
              Debtor(s)              )

**AMENDED APPLICATION TO EMPLOY ATTORNEYS**

COMES NOW, Randy L. Royal, the Trustee herein, pursuant to 11 U.S.C. Section 327, and Rule 2014 Federal Rules of Bankruptcy Procedure, respectfully moves the court to authorize retention of legal counsel and for his motion states as follows:

1. On November 23, 2018, Plaintiff Christopher Gregg Thomas (Thomas) commenced adversary no. 18-2039 against the Trustee.

2. On January 28, 2019, the Trustee filed an Application to Employ Attorneys (Doc. 104) with respect to adversary no. 18-2039.

3. On February 27, 2019, the Court approved that application (Doc. 121)

4. On February 10, 2020, Connor Glynn, an affiliate of Thomas, commenced adversary no. 20-02004, asserting claims against the Trustee similar to those asserted by Thomas in adversary no. 18-2039.

5. The Trustee has determined that it has become necessary and appropriate for the estate to retain legal counsel with respect to adversary no. 20-02004, any similar adversary proceedings that may in the future be filed by affiliates of Thomas, and any contested issues arising under 11 U.S.C. §363.

6. The specific retention for which counsel is sought is as follows: The Trustee needs legal counsel to represent the estate in adversary no. 18-2039, Christopher Gregg Thomas vs. Randy L. Royal, Trustee; adversary no. 18-20180, Connor Glynn v. Randy Royal, Trustee; any other adversary proceedings that may be filed by affiliates of Mr. Thomas and Mr. Glynn, including Stephen Aaron and Kyle Osborne; and any contested issues arising under 11 U.S.C. §363.

7. The Trustee proposes to employ the David Lichtenstein, LLC, 1556 Williams St., Ste. 100, Denver, CO 80218-1661 and the Law Offices of Ken McCartney, P.C., P.O. Box 1364, Cheyenne, WY 82003. This retention is contemplated under the agreed upon written fee agreement, which is attached hereto and by reference incorporated herein.

8. The attached fee agreement incorporates both the terms of the original fee agreement as applicable to adversary no. 18-2039 (as more than six months have passed since the commencement of adversary no. 18-2039, irrelevant terms that contemplated an early resolution of that adversary have been deleted from Section II, paragraph 2.A.), and new terms in Section II, paragraph 2.B as applicable to adversary no. 20-02004 and certain potential future adversaries.

9. This applicant has no knowledge that counsel has any interest or connection with the debtor, any creditors, any party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, other than as specifically set forth in their affidavits filed on January 28, 2019 and included in Doc. 104.

WHEREFORE, the Trustee respectfully moves the court to approve the retention of counsel upon the terms and conditions set forth herein.

DATED:       March 10, 2020

/s/ Randy L. Royal, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I, Randy L. Royal, do hereby certify that a copy of the **AMENDED APPLICATION TO EMPLOY ATTORNEYS** was served on the following parties on March 10, 2020 as indicated below. The electronic notice will be done by the U.S. Bankruptcy Clerk.

Via: United States Mail:
Christopher Gregg Thomas
PO Box 10128
Bozeman, MT 59719

Connor Glynn
PO Box 10128
Bozeman, MT 59719

Via: Electronic Notice:
U.S. Trustee's Office

/s/ Randy L. Royal, Chapter 7 Trustee

ATTACHMENT I

AMENDED REPRESENTATION AGREEMENT
to be executed in duplicate

Dated: February 29, 2020

ATTORNEYS: David Lichtenstein
The Law Office of David Lichtenstein, LLC
1556 Williams St., Ste. 100
Denver, CO 80218-1661

With local counsel:

Ken McCartney
The Law Offices of Ken McCartney, P.C.
P.O. Box 1364
Cheyenne, WY 82003
307-635-0555

CLIENT: Randy Royal, Defendant
Chapter 7 Trustee
PO Box 551
Greybull, WY 82426
307 765-4433

SCOPE OF WORK: Defend Adversary Proceedings

US Bankruptcy Court, District of Wyoming, Base Case no 18-20347:

- Adversary Case. No. 18-02039, Adverse party: Christopher Gregg Thomas (Thomas) vs. Randy Royal Trustee.
- Adversary Case No. 18-20180, Adverse party: Connor Glynn (Glynn) v. Randy Royal, Trustee
- Any other adversary proceedings that may be filed by affiliates of Thomas and Glynn, including Stephen Aaron and Kyle Osborne.

The client employs attorneys whose names are listed above to represent the client in the handling, presentation and settlement of any and all claims asserted against client in the above-referenced proceeding, and to take any action necessary or advisable in the attorney's sole discretion to resolve the claim against the client.
Associate counsel may be employed at the discretion and expense of the attorneys to assist or principally prepare and conduct the trial of this matter. Sharing of employment and the terms of that employment shall be disclosed to the client.
No promise or representation has been made by said attorneys as to the outcome of the claim or litigation, or as to what amounts, if any, the client may be entitled to retain in this case.

I.
NEGOTIATION OF FEES

It is understood the amount of contingent fees are negotiated between the client and the attorneys. Different attorneys may charge differently for this matter. This fee is intended to fairly compensate the attorney for the professional services rendered. Factors considered in setting a contingent fee are:
1. The time and labor required;
2. The novelty and difficulty of the questions involved;
3. The skill requisite to perform the legal service required;
4. The forbearance of other work by the attorney;
5. The fee customarily charged in the locality for similar legal services;
6. *The amount of costs* incurred or advanced by the attorney in representing the client;
7. The amount involved in the controversy and the benefits resulting to the client;
8. The time limitations imposed by the client or the circumstances;
9. The nature and length of the professional relationship with the client;
10. The experience, reputation, and ability of the attorney performing the services;
11. The contingency or certainty of the compensation;
12. Discussions with the defendant about settlement prior to counsel entering the case.

## II.
## FEES

After discussion of the factors contained in the foregoing paragraph, Negotiation of Fees, the client agrees to pay a fee in an amount set forth in paragraph two (2) below. If no recovery is obtained, no fee shall be payable to the attorneys. "Recovery" shall mean amounts claimed by plaintiffs in the adversary proceedings described above but retained by client as a result of the attorneys' efforts, and shall include amounts already collected by the client and future amounts the client will collect. Gross recovery is recovery before deducting costs. Net recovery is recovery after costs are deducted. Costs are all litigation expenses incurred in the prosecution of the case other than the attorney's compensation.

### SELECT PARAGRAPH 1 OR 2

### PARAGRAPH 1 (FLAT PERCENTAGE)

The client agrees to pay a fee in an amount of **N/A** percent of the gross or net (delete one not applicable and if no exclusion, net fee applies) recovery whether as a result of settlement or trial.

### PARAGRAPH 2 (SCHEDULED PERCENTAGES AND OTHER FEES)

The client agrees to pay a fee in the amount of:

A) in the case of Adversary Case. No. 18-02039, of **attorneys' hourly rates set forth below, plus (33 ⅓%) thirty-three and a half percent.**

B) in the case of any other adversary covered by this agreement, **(10%) ten percent** of the gross or net (delete one not applicable and if no exclusion, net fee applies) recovery if the claim is settled within sixty (60) days after filing suit; thereafter, the fee percentage shall be **attorneys hourly rates set forth below, plus (25%) twenty-five percent if resolved in six (6) months then (33 ⅓%) thirty-three and a half percent.**

C) in the case of any contested issues arising under 11 U.S.C. §363, **attorneys hourly rates set forth below.**

If appeal is required, the attorneys may require that a separate agreement for the fee percentage be made.

Notwithstanding the foregoing, in no event shall attorneys' fees under subparagraphs A) or B) above exceed 75% of the net recovery.

Attorneys' hourly rates are $475 for David Lichtenstein and $285 for Ken McCartney.

Client and counsel have discussed whether any negotiations have been held regarding settlement before counsel entered the case. If there have been such discussions, client shall furnish proof of any offer within seven (7) days of this contingent fee contract. It is mutually understood that the status of any settlement negotiation has been taken into account by the client and the attorney in reaching a contingent fee arrangement.

## III.
## FEE DISPUTES

The client shall first contact his attorney with any questions concerning the charges agreed to in this agreement. Any dispute or question that remains unresolved shall be set forth in writing by both the attorney and the client and delivered to the other party. If they do not agree on the resolution of the questions the client or the attorney shall have this matter arbitrated by the Committee on the Resolution of Fee Disputes. The Committee on the Resolution of Fee Disputes may be reached through the offices of the Wyoming State Bar Association in Cheyenne, Wyoming. Thereafter the client or the attorney may have recourse to the district court as provided by the Wyoming Supreme Court Rules Governing Contingent Fees for Members of the Wyoming State Bar (Wyoming Court Rules Annotated).

## IV.
## INVESTIGATION

The client understands the attorney will investigate the client's claim. The attorney may gather medical information, talk to witnesses, talk to family members, and take such other actions as the attorney in his judgment deems necessary. The client agrees to sign the attached Authorization for the Release of Medical Information to permit the attorney to fairly investigate the client's claim.

## V.
## EXPENSES

It is further understood and agreed the client shall pay all out-of-pocket costs incurred in the prosecution of this claim, such as court costs, costs of litigation, travel costs, expert witness fees, deposition expenses, and the like. It is understood these costs may be

in addition to the legal fees set forth above if a gross fee arrangement is made. In the event such costs are not paid by the client currently, the attorney may advance such costs and expenses which are to be reimbursed when billed and in no event later than the conclusion of litigation whether or not a recovery is obtained.

Reimbursable costs shall be reported to the client on a regular basis.

## VI.
## MEDICAL EXPENSES

Medical expenses are not involved in this case.

## VII.
## STRUCTURED SETTLEMENT

The attorney fees shall also be paid in a lump sum out of the initial payment by the defendant unless otherwise agreed upon in the structured settlement agreement. The attorney's fees shall be based upon the present value of the structured settlement.

## VIII.
## STATEMENT UPON DISTRIBUTION

At the time of final distribution of the proceeds of the claim or litigation, the attorney shall prepare and the client shall approve by signature, a final settlement accounting. The Statement of Distribution shall include:
1. The source of funds.
2. The total amount of the recovery or settlement.
3. The contingency percentage.
4. The total costs.
5. The proceeds to the client.
6. The amount held in reserve, if any, for costs which have not yet been billed and a statement of the period during which such reserve shall be held in trust.
7. Liens, if any, and the amount to be paid by the client.

Attached to this document is a form for use as the Statement of Distribution.

## IX.
## WITHDRAWAL OF ATTORNEY

The attorney, in his discretion, may withdraw at any time from the case by adequate notice in writing: if the investigation discloses inability to collect damages, or discloses no assets or liability of the defendant; or if the attorney determines the representation is not compatible with directions; or if the conduct of the client is uncooperative.

## X.
## RESCISSION BY THE CLIENT

This agreement shall be effective immediately. However, the client shall have a period of three (3) calendar days from the date hereon to rescind by notice in writing postmarked by registered mail or actual delivery to the attorney before the end of the third day.

## XI.
## OTHER CONDITIONS

None

Dated: March 6, 2020

WE HAVE EACH READ THIS AGREEMENT BEFORE SIGNING

Attorney                                Client(s)

/s/ David Lichtenstein                  _[signature]_

BY: David Lichtenstein                  Randy Royal, chapter 7 Trustee

/s/ _[signature]_

BY: Ken McCartney

Attachments:
Rules Governing Contingent Fees for Members of the Wyoming State Bar, Rule 4.