FILED

11:53 am, 4/17/20

Tim J. Ellis
Clerk of Court

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| In Re: | |
|---|---|
| PROSPECT AGENCY GROUP, INC. | Case No. 18-20180 |
| | Chapter 7 |
| Debtor(s) | |

**ORDER DENYING MOTION TO RECONSIDER EMPLOYMENT OF ATTORNEYS**

Connor Glynn (Movant) requests the court reconsider its Order appointing David Lichtenstein, LLC (Counsel), to represent Randy Royal, Chapter 7 Trustee, alleging the relationship with the Abbotts was not disclosed, and that Counsel is not a disinterested party.[1] Randy Royal, Chapter 7 Trustee, appointed to administer Debtor's case, filed an objection. The court reviewed the record, determining a hearing will not materially assist in its analysis and rules without hearing.

**Jurisdiction**

This court has jurisdiction of the matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper subject to 28 U.S.C. §§ 1408 and 1409.

**Facts**

Prospect Agency Group, Inc. (Debtor) filed its non-individual Chapter 7 voluntary petition on March 23, 2018. Christopher Gregg Thomas, CEO, executed the Petition. Randy Royal was appointed as the Chapter 7 Trustee to administer the estate. A flurry of filings ensued by several parties, alleging ownership to estate assets. Movant being one.

Counsel initially entered an appearance, *pro hac vice*, representing Bo Cleveland, Clifton Cleveland Abbott, S. Scott Abbott and Jill Abbott (Abbotts). Thereafter, the Trustee filed an application to employ David Lichtenstein as counsel to represent the bankruptcy estate in an adversary proceeding initially filed as *Thomas v. Royal*.[2] The same objection was raised by Movant at that time, which the court held a hearing, overruled the objection and granted retention of Counsel.

---

[1] The Order appointing David Lichtenstein, LLC, also appointed the Law Offices of Ken McCartney, to which the objection and motion to reconsider does not address.

[2] Mr. Thomas initiated the adversary proceeding (18-02039), prior to filing his individual chapter 7 bankruptcy in the United States Bankruptcy Court for the District of Montana. Upon filing of the bankruptcy, the Chapter 7 Trustee, Richard J. Samson, substituted in as Plaintiff. The Trustees for the individual cases, entered into a stipulation resolving the adversary, which subsequently closed on August 1, 2019.

Trustee filed the Application,[3] the court waited one week as is its policy, before entering the Order appointing Counsel to further represent the estate.[4] Subsequently, Movant filed his objection and this Motion for reconsideration.[5]

The court addressed Counsel's disinterestedness at the prior hearing, to which Movant was a party. The court is aware of Counsel's involvement with the Abbotts, as parties in interest.

**Analysis**

Movant requests this court reconsider its Order appointing Counsel based on grounds identical to those raised in his objection to the initial Application.[6] The Trustee responds that the amended Application specifically references Trustee's original Application's affidavits. Trustee further states, retaining Counsel for the estate, and the representation of the Abbots are aligned, for the purpose of preserving bankruptcy assets for unsecured creditors, rather than paying disputed commission claims to Glynn. In the event an actual conflict of interest arises, the Trustee is aware of his duty to find separate counsel.

This court has addressed motions for reconsideration several times. In a previous case decision, *In re Danzik*,[7] it discussed the legal requirements.

> [U]nder Rule 9023 motions to vacate or reconsider final bankruptcy court decisions are determined under the same standard Fed. R. C. P. 59 prescribes.[8] "Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Rule 59(e) motions are appropriate where a court has misapprehended the facts, a party's position, or controlling law.[9] Motions to alter or amend the judgment made pursuant to this Rule serve to correct manifest errors of law or fact, or to consider the impact of new evidence unavailable in prior proceedings. Courts should grant motions to alter or amend a judgment under Rule 59(e), only to present newly discovered evidence or to correct manifest errors of law.[10]

Movant does not argue there is an intervening change in the controlling law. He argues the Trustee failed to disclose the potential issue of Counsel's disinterestedness. Movant does not allege new evidence previously unavailable as grounds to disallow retention of Movant. The court, due to the prior application, objections and hearing, is aware of Counsel's relationship with the Abbots. Last, Movant did not argue a

---

[3] Application for admission *pro hac vice* of Counsel for *Connor Glynn v. Randy Royal*, Chapter 7 Trustee, Adversary Proceeding 20-2004, is pending.
[4] Doc. No. 133.
[5] Doc. No(s). 135 and 146, respectively.
[6] Doc. 106.
[7] *In re Danzik*, Case No. 17-20934, ECF. No. 211, *Order Denying Motion to Alter or Amend Court's Order.*
[8] Fed. R. Bankr. P. 9023, makes Fed. R. Civ. P. 59, applicable, except a motion to alter or amend a judgment in bankruptcy must be filed no later than 14 days after the entry of the judgment.
[9] *In re Sun River Energy, Inc.*, 536 B.R. 872, 876 (Bankr. D. Colo. 2015).
[10] *In re Davalos,* 426 B.R. 871, 872 (Bankr. D.N.M. 2010) Rule 59(e) does not allow a party to raise new legal theories that should have been raised earlier. *In re Expert S. Tulsa, LLC*, 522 B.R. 634, 650 (B.A.P. 10th Cir. 2014), aff'd, 619 F. App'x 779 (10th Cir. 2015).

need to correct clear error or prevent manifest injustice. Movant fails to meet his burden for the court to alter or amend its Order. Therefore,

    IT IS ORDERED Movant's Motion to reconsider employment of attorneys is DENIED.

BY THE COURT:

*Cathleen D. Parker*    4/17/2020

Honorable Cathleen D. Parker
United States Bankruptcy Judge
District of Wyoming