FILED

11:57 am, 4/17/20

Tim J. Ellis
Clerk of Court

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| In re:<br><br>PROSPECT AGENCY GROUP, INC.<br><br>Debtor | Case No. 18-20180<br>Chapter 7 |

### ORDER DENYING MOTIONS FOR CHANGE OF VENUE

This matter is before the court on four Motions for Change of Venue to the Bankruptcy Court for the District of Montana ("Motions") filed by Connor Glynn, Asher Thomas, Maggie Atris Thomas, and Gregg Thomas (Movants) (ECF Nos. 140, 141, 142 and 143). Randy Royal, as Trustee, objected to all of the Motions. Creditors Bo Abbott, Clifton Abbott, W. Scott Abbott and Jill Abbott, through counsel, also objected. The court reviewed the Motions, docket and applicable law, and denies the Motions. The overarching theme of the Motions is the convenience afforded to Movants if the court transfers the case to the District of Montana. As there are no controlling circumstances unique to each Motion, the court denies the Motions in one Order.

**Facts**

Debtor Prospect Agency Group, Inc. filed its Chapter 7 bankruptcy case in the District of Wyoming Bankruptcy Court on March 3, 2018. Debtor is a Wyoming corporation with its principal place of business in Bozeman, Montana. Randy Royal was appointed Trustee to administer the case. The Section 341 meeting of creditors was scheduled and concluded on May 8, 2018.

Since filing, three adversary proceedings were initiated: 1) *Samson v. Royal*, ECF No. 18-02039;[1] 2) *Samson v. Abbott*, ECF No. 18-02040;[2] and 3) *Glenn v. Royal*, ECF No. 20-2004.[3] Just over a year after filing, Debtor's CEO Gregg Thomas filed his own bankruptcy in the District of Montana.[4] Therein, Clifton Bo Cleveland Abbott, Clifton Cleveland Abbott, W. Scott Abbott and Jill Abbott, as Plaintiffs filed an adversary against Gregg Thomas, Debtor.[5]

---

[1] This adversary was initiated as *Thomas v. Royal*. However, after Mr. Thomas filed his individual Chapter 7 bankruptcy case in the District of Montana, Richard J. Samson, Chapter 7 Trustee, appointed to administer the case, was substituted as Plaintiff. The adversary was closed July 9, 2019.
[2] The adversary was initiated as *Thomas v. Abbott*, and again upon Mr. Thomas filing his bankruptcy petition, the Chapter 7 Trustee, Mr. Samson, substituted in as Plaintiff. The adversary closed August 1, 2019.
[3] Plaintiff Connor Glynn filed his complaint on February 10, 2020.
[4] *In re Thomas*, Case No. 19-60287 (Bankr. D. Mont. April 4, 2019).
[5] *Abbott, et al v. Thomas*, Adv. No. 2:19-ap-00034-BPH (Bankr. D. Mont. Nov. 25, 2019).

Since the inception of the case, much dispute has arisen regarding insurance commissions. Movants have not been and are not represented by counsel. Multiple interested parties sought authority to conduct 2004 examinations on multiple individuals and entities, with objections filed to many. Examples of other pleadings include, but are not limited to: motion seeking the bankruptcy estate abandon assets, with a request for expedited hearing; motion to strike; requests to extend the stay to non-debtors; duplicative objections on Trustee's applications to retain professionals; motions requiring periodic reports and status reports from the Trustee; and notice of intent to purchase assets without authority to do so. The flurry of pleadings has taken time to address, both by the Trustee and the court.

**Discussion**

The burden is on Movants to show a transfer of venue is warranted.[6] A change of venue should not be taken lightly.[7] Where venue is proper, Debtor's choice of venue should be given great weight.[8] The balance must strongly favor transfer.[9]

As Debtor is and was at all times a Wyoming Corporation, this case was indisputably filed in the proper district.[10] Bankruptcy Rule 1014(a) provides,

> If a petition is filed in a proper district, the court, on the timely motion of a party in interest or on its own motion, and after hearing on the notice to the petitioners, the United States trustee, and other entities as directed by the court, may transfer the case to any other district if the court determines that the transfer is in the interest of justice or for the convenience of the parties.

First, the court considers the timeliness of Motions. No statutory or rule definition governs the timely filing of a motion to transfer venue of a case. "If a timely motion to dismiss for improper venue is not filed, the right to object to venue is waived."[11] The consent or conduct of a party constitutes a waiver of any objection to venue.[12] Herein, Gregg Thomas, as CEO, filed this non-individual bankruptcy case in the District of Wyoming. He also brought two adversary proceedings and Movant Connor Glynn filed a third.[13]

---

[6] *In re Condor Exploration, LLC*, 294 B.R. 370, 377 (Bank. D. Colo. 2003).
[7] *Id.*
[8] *In re DDMD Trucking, Inc.*, No. 14-12511-TA11, 2015 WL 381299, at *4 (Bankr. D.N.M. Jan. 28, 2015).
[9] *In re Uslar*, 131 B.R. 22, 23 (Bankr. E.D. Pa. 1991).
[10] *In re Dunmore Homes, Inc.*, 380 B.R. 663, 670 (Bankr. S.D.N.Y. 2008) ("A corporation's domicile is generally held to be its state of incorporation.") (citing *In re B.L. of Miami, Inc.,* 294 B.R. 325, 328 (Bankr. D. Nev. 2003)).
[11] *In re Sorrells*, 218 B.R. 580, 588 (B.A.P. 10th Cir. 1998) (citing the 1987 Advisory Committee Note to Rule 1014).
[12] *In re Moss*, 249 B.R. 200, 203 (Bankr. W.D. Mo. 2000).
[13] Movants Asher Thomas and Maggie Atris Thomas are Gregg Thomas' children.

If transfer of the case would result in fragmentation or duplication of administration, increased expense, or delay in closing the estate, such factors would bear on timeliness of the motion.[14] Some courts have developed a sixty-day guideline for measuring the timeliness of these types of motions.[15] The court in *Blagg* found the change of venue motion timing proper because the Trustee only learned that the debtors had no basis for venue after the meeting of creditors and nothing happened in the case before he filed the motion.[16]

In no way is a motion filed two years after a case timely.[17] The Section 341 meeting of creditors concluded almost 23 months prior to the Motions' filing date. No movant claims a lack of knowledge or inability to have brought the motion sooner. Movants Thomas and Glynn actively participate in the case, albeit without the benefit of counsel. Also, the court cannot ignore the fact, Mr. Thomas, as Debtor's CEO, filed this bankruptcy, through counsel, in the District of Wyoming. The failure to proceed on a motion for over two years despite the parties' active involvement in the case is the epitome of "untimely filed."

Movants argue it would be more convenient for them if the court transfers the case. Even if true, this cannot overcome their failure to timely file the Motions.

THEREFORE, IT IS ORDERED the Motions for Change of Venue (ECF Nos. 140, 141, 142 and 143) to District of Montana Bankruptcy Court are DENIED.

BY THE COURT

*Cathleen D. Parker*   4/17/2020

Honorable Cathleen D. Parker
United States Bankruptcy Court
District of Wyoming

---

[14] *In re Blagg*, 223 B.R. 795, 802 (B.A.P. 10th Cir. 1998).
[15] *In re Pickett*, 330 B.R. 866, 869 (Bankr. M.D. Ga. 2005) (discussing cases setting a 60-day deadline); *but see In re McCall*, 194 B.R. 590, 593 (Bankr. W.D. Tenn. 1996) (allowing a motion filed on day 98 when Debtor failed to schedule the creditor and venue was improper in the first instance).
[16] *In re Blagg*, 223 B.R. at 802.
[17] *See In re Trenton H. Parker*, Case No. 15-20687.