FILED

Tim J. Ellis
Clerk of Court

3:04 pm, 4/20/20

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF WYOMING

In Re:

    PROSPECT AGENCY GROUP, INC.

Case No. 18-20180
Chapter 7

Debtor(s)

**ORDER DENYING ELECTION TO CONVERT**

    Gregg Thomas, (Thomas) CEO of Prospect Agency Group, Inc., files this election stating he is exercising Debtor's right to convert from a Chapter 7 liquidation bankruptcy to a Chapter 11 reorganization.[1] Randy Royal, Trustee, objected. Mr. Thomas filed a reply. The court reviewed the record, applicable law and finds a hearing will not materially assist the court in its determination. As discussed below, the "Election" is denied.

**Jurisdiction**

    This court has jurisdiction of the matter under 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper subject to 28 U.S.C. §§ 1408 and 1409.

**Facts**

    Prospect Agency Group, Inc. (Debtor) filed its non-individual Chapter 7 voluntary petition on March 23, 2018. Mr. Thomas, CEO, executed the Petition. Randy Royal was appointed as the Chapter 7 Trustee to administer the estate. A flurry of filings ensued by several parties, alleging ownership to estate assets, dissatisfied with the time taken to resolve the matter, attempting to change venue, convert, and buy estate assets.

    Mr. Thomas requests this court order Debtor's counsel, Mr. Winship, file a notice that he does not have time to convert this case. Mr. Thomas also requests the court order the Trustee to turnover funds held by the bankruptcy estate to Debtor, at which time Debtor will pay the fee required to file a motion to convert. Lastly, Mr. Thomas proposes Debtor have 30 days thereafter to have its attorney appear before the court and file the required post-conversion documents. Attached to the "Election" is a Corporate Declaration by the Board of Directors and officers, authorizing the case be converted, signed by Gregg Thomas, Connor Glynn (CIO) and Stephen Aaron (Member).[2]

    The Trustee responds: 1) Debtor's counsel did not file this Election but by Mr. Thomas who continues to act as CEO, but the corporation is administratively insolvent and not operating any business; 2)

---

[1] Stephen R. Winship, Debtor's attorney of record did not sign this pleading.
[2] The Declaration also authorizes moving the Debtor's bankruptcy case to the Montana Bankruptcy Court. This is a separate motion addressed by the court.

this is another effort to short cut the bankruptcy proceedings to determine the amount Mr. Thomas' individual bankruptcy case may receive; and 3) this is a continuing attempt to gain control of this case's assets without a legal basis.

**Analysis**

1) **Procedural deficiencies**

    This "Election to Convert" is procedurally deficient.

    a. *Unauthorized practice of law*

    Debtor is represented by counsel, who did not sign the pleading. The pleading was signed by Debtor's CEO, Gregg Thomas, who also signed the petition when the case was filed as a non-individual voluntary Chapter 7 bankruptcy. The Bankruptcy Rules allow a party to perform acts not constituting the practice of law.[3] Wyoming Local Bankruptcy Rule requires, "in all cases a corporation … other than an individual may appear and participate only through an attorney authorized to practice in the United States District Court for the District of Wyoming."[4] Mr. Thomas is not authorized to practice law in the United States District Court for the District of Wyoming, of which this court is situated. It follows he cannot represent Debtor, a corporation, either. He may not file the "this election exercising Debtor's right to convert a Chapter 7 liquidation bankruptcy" without counsel.

    b. *Motions practice*

    Mr. Thomas improperly presents this pleading. The Bankruptcy Rules establish procedures for filing motions. "Conversion … shall be on motion filed and served as required by Rule 9013."[5] Rule 9013 provides:

    > A request for an order, except when an application is authorized by these rules, shall be by written motion, unless made during a hearing. The motion shall state with particularity the grounds therefor and shall set forth the relief or order sought. Every written motion other than one which may be considered *ex parte* shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs.[6]

Wyoming Local Bankruptcy Rules require the court to schedule and hold a hearing on motions to convert a chapter 7.[7]

A movant must serve notice and opportunity to object on all parties in interest.[8] Mr. Thomas filed a certificate of service indicating the "complaint" was served to the Clerk of Court by "USPS, first class,

---

[3] Fed. R. Bankr. P. 9010(a).
[4] Wyo. LBR 9010-1(B).
[5] Fed. R. Bankr. P. 1017(f)(2).
[6] Fed. R. Bankr. P. 9013.
[7] Wyo. LBR 2002-1(A).
[8] Wyo. LBR 2002-1(B).

postage prepaid." Additionally, Mr. Thomas states that the United States Trustee and parties requiring service were served through the electronic system. Wyoming local rules require a certificate of service to state the name and address of the party served, "the capacity in which the person was served, and the manner and date of service."[9] This was not done.

The court has been lenient with Mr. Thomas, when he filed pleadings on his own behalf. However, he is now filing pleadings on behalf of Debtor. *Pro se* parties are "expected to read and be familiar with" the Federal Bankruptcy Rules and local court rules.[10] As is the court's general policy, if possible, it will deem a pleading a motion. In spite of its deficiencies, the court deems Mr. Thomas' "Election" a motion. However, service was not complete, *i.e.*, providing notice and opportunity to object to parties in interest not receiving electronic notice including over thirty priority and unsecured creditors. As explained above, Mr. Thomas cannot cure such deficiencies.

THEREFORE, IT IS ORDERED the deemed Motion to convert is DENIED.

BY THE COURT:

*(signature)* 4/20/2020

Honorable Cathleen D. Parker
United States Bankruptcy Court
District of Wyoming

---

[9] Wyo. LBR 9013-3.
[10] Wyo. LBR 9011-2 (*Pro se* parties are also expected to read the Federal Rules of Civil Procedure and Federal Rules of Evidence, as necessary.).